UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL CORKER,

    Plaintiff,

v.

                                        Case No. 4:19-cv-363-MW/MJF

JUDGE FRANCIS ALLMAN, et al.,

    Defendants.

_____/

**ORDER and
REPORT AND RECOMMENDATION**

    Plaintiff Michael Corker, an inmate of the Leon County Detention Facility, has filed an amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 4), and a motion to proceed *in forma pauperis* (Doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of Corker's amended complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Corker's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 10

**I.   Background**

Corker initiated this action on July 30, 2019, by filing a document titled "Pro Se Litigant in Actions Under 42 U.S.C. § 1983 Federal Habeas Corpus." (Doc. 1). Corker claimed that a state court judge and two probation officers caused him to be unlawfully imprisoned on a probation violation charge in Leon County Circuit Court Case No. 97-CF-4740. As relief, Corker sought $5 million from each Defendant. Corker filed his amended complaint on August 22, 2019. (Doc. 4). Corker's amended complaint asserts the same claims, but adds a fourth Defendant – a detective with the Broward County Sheriff's Office. (Doc. 4). Corker's amended complaint increases his demand for damages by several million dollars. (*Id.* at 8 in ECF).

**II.   Discussion**

    **A.   <u>Screening for Maliciousness</u>**

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which

relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (screening provision of *in forma pauperis* statute).

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

    **B.**    <u>**Corker's Disclosures**</u>

In his amended complaint, Corker provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation

history. (Doc. 4 at 4).[2] On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 4 at 4 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Corker marked "Yes", and disclosed his underlying criminal case, Leon County Circuit Court Case No. 97-CF-4740. (Doc. 4 at 4 in ECF).

On the same page of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 4 at 4 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Corker marked "No", and disclosed no cases. (Doc. 4 at 4 in ECF).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect

---

[2] Corker's original complaint, which was not on the court form, did not mention any other lawsuits he had filed. (Doc. 1).

of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 4 at 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Corker marked "No," and disclosed no cases.

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 4 at 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Corker marked "No", and disclosed no cases. (Doc. 4 at 5 in ECF).

At the end of the civil rights complaint form, Corker signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 4 at 8 in ECF). Thus, Corker has in effect stated that at the time he filed his amended complaint on August 22, 2019, he had not initiated any other action in federal court that (1) dealt with the same or similar facts/issues involved in this action, (2) related to the fact or manner of his incarceration, or (3) related to the conditions of his confinement.

### C. <u>Corker's Omissions</u>

The court takes judicial notice that at the time Corker filed his amended complaint in this case, he had initiated at least four other civil actions that he should have disclosed:

(1) *Corker v. State of Florida*, Case No. 4:19cv396/WS-MJF, a habeas corpus action Corker filed in this court on August 16, 2019, dealing with the same facts/issues involved in this action and challenging the fact or manner of his incarceration for violating his probation in Leon County Circuit Court Case No. 97-CF-4740).

(2) *Corker v. Hobbs*, Case No. 4:19cv354/AW-MJF, a civil action Corker filed in this court on July 25, 2019, relating to the fact or manner of his incarceration (a state court judge's alleged suspension of the writ of habeas corpus and violation of Corker's right to access the courts by "passing over" his state habeas petition challenging his detention for violating his probation in Leon County Circuit Court Case No. 97-CF-4740).

(3) *Corker v. Woodard*, Case No. 4:19cv359/MW-CAS, a civil rights action Corker filed in this court on July 30, 2019, complaining about the conditions of his confinement at the Leon County Detention Facility (the law librarian's alleged violation of Corker's right to access the courts by delaying his access to the law library for seven months).

(4) *Corker v. Dempsey*, Case No. 4:19cv385/MW-CAS, a civil action Corker filed in this court on August 8, 2019, relating to the fact or manner of his incarceration (the alleged violation of his constitutional rights by the state court judge, prosecutor, and appointed counsel in his VOP and underlying criminal proceedings in Leon County Circuit Court Case No. 97-CF-4740).

All of the foregoing cases may be identified, positively, as Corker's because they bear his Leon County Detention Facility inmate number 66640.

### D.     The Materiality of Corker's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests.

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Corker falsely responded to questions on the complaint form as detailed above. Corker knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 4 at 4 in ECF).

### E.     The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x at 936. The court should not allow Corker's false responses to go unpunished. If Corker suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Corker's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir.

2011) (affirming dismissal of prisoner-plaintiff's case for abuse of the judicial process where the prisoner failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint); *Wynn v. Postal Svc.*, 735 F. App'x 704, 705, 2018 WL 4050732 (11th Cir. Aug. 24, 2018) (affirming dismissal of prisoner-plaintiff's case for abuse of the judicial process where the prisoner failed to disclose a habeas corpus action); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

### III. Conclusion

For the reasons set forth above, it is **ORDERED**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED** for the limited purpose of dismissing this action.

The undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City, Florida, this <u>3rd</u> day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.